## Helm v. Arnold, Clerk of Court, et al.

November 4, 1949.

Emmett G. Fields for appellant.

J. Erwin Sanders and J. A. Runyon for appellee.

JUDGE LATIMER—Affirming.

This action was instituted by Lon W. Helm and James W. Chapman, each a qualified voter in his respective precinct in Pike County, seeking to enjoin the defendant, Bessie R. Arnold, as Clerk of the Pike County Court, from printing the name of Roy Conway upon the official ballot as the Democratic nominee for Sheriff of Pike County, and praying that the defendant, Roy Conway, be adjudged ineligible to hold the office of Sheriff of Pike County or thereafter to become a candidate for nomination and election to any public office in the Commonwealth by reason of his violation of the provisions of KRS 122.210.

The regular Judge, Hon. E. D. Stephenson, having disqualified himself, Hon. Edward L. Allen was appointed Special Judge.

Later plaintiffs asked the court to enter an order striking the name of James Chapman as plaintiff in the case and permitting Lon W. Helm to prosecute the action alone. This was done.

Special demurrer to the petition and amended petition was overruled. General demurrer was then filed, which was sustained. Declining to plead further, plaintiffs' petition and amended petition were ordered dismissed. From the ruling this appeal is prosecuted.

In the petition it is alleged that Roy Conway received 4,232 votes and Moss Keesee received 3,717 votes, and that Roy Conway received the certificate of nomination as the candidate of the Democratic party for the office of Sheriff.

It is alleged that after the primary election, his opponent, Moss Keesee, within the time fixed by law, instituted and filed in the office of the Clerk of the Pike Circuit Court, his petition against the defendant, Roy

Conway, contesting his election charging violation of the Corrupt Practices Act; and that after the issues had been made the defendant, Roy Conway, paid Moss Keesee the sum of $2,000, for which Moss Keesee agreed to and did dismiss his contest action against Roy Conway. It is alleged that this is in violation of KRS 122.210, which provides: "It shall be unlawful for any candidate in any primary or general election to agree not to file a suit contesting the election, or to agree to dismiss or cease prosecuting such suit after it has been filed, in consideration of the payment or promise to pay to him, or to any other person, of any money, deputyship, clerkship, employment, or anything of value by such successful candidate or by any other person. Any person who violates this section shall be ineligible thereafter to hold, or become a candidate for nomination or election to, any public office in this state, or to have his name printed on any official ballot in a primary or general election. Any qualified voter may maintain an action to enjoin the printing of the name of a person upon the official ballots for any primary or general election, on the ground that such person has violated this section, and in such action the violation may be proved by parol evidence."

Although it is alleged that Roy Conway, by violation of the provisions of the Corrupt Practices Act, established himself to be morally and legally unfit to be the nominee, it will be noted that in the prayer of the petition it is asked that the defendant be adjudged ineligible to hold office of Sheriff by reason of his violation of KRS 122.210. It, therefore, becomes necessary to direct our attention to the provisions of KRS 122.210. The pertinent part is that it shall be unlawful for any candidate in any primary or general election (1) to agree not to file a suit contesting the election, or (2) to agree to dismiss or cease prosecuting such suit after it has been filed in consideration of payment or promises to pay him. It will be noted at first that this is not an action against Moss Keesee, who filed the suit contesting the election and who dismissed his suit. In order to state facts sufficient to constitute a cause of action as against Conway it was necessary to allege that he did one or the other of those two things. There is no allegation that Roy Conway agreed not to file a contest

suit or had ceased prosecuting one after it had been filed.

The court below properly sustained the general demurrer.

The judgment is affirmed.